IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRENDA C. ARMSTEAD,

    Interested Party,

and

DONALD J. TRUMP,

    Plaintiff,

v.    No. 1:23-cv-00657-MIS-JMR

UNITED STATES,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE

Brenda C. Armstead, who is proceeding *pro se*, filed this action as an "interested party" on behalf of Donald J. Trump. *See* Petition to Appoint, Doc. 1, filed August 8, 2023 ("Complaint"). Armstead asserts that several of her previous cases "failed to go forward" resulting in, *inter alia*, "A. 1-6-21 Insurrection[;] B. Nancy Pelosi's [h]usband's attack by those being prosecuted for 1-6-21[;]" and "C. Current Indictments against Donald J. Trump." Complaint ¶¶ 2-3. Armstead seeks "a Petition for Reform[] that would change governments of each country to a[] One World Government via the United Nations with Presidents being changed to Presidential Judges permanently appointed, with Trump being named the First Presidential Judge." Complaint ¶ 5.

United States Magistrate Judge Jennifer M. Rozzoni notified Armstead that:

> Armstead's Complaint does not contain a statement of the grounds for the Court's jurisdiction as required by Federal Rule of Civil Procedure 8(a)(1). As the party seeking to invoke the jurisdiction of this Court, Armstead bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (internal citation omitted) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing

> by the party invoking federal jurisdiction"); *Evitt v. Durland*, 242 F.3d 388 (10th Cir. 2000) (unpublished table decision) (internal citations and quotations omitted) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte"). The Court orders Armstead to show cause why the Court should not dismiss this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If Armstead asserts the Court has jurisdiction over this action, Armstead must file an amended complaint that contains factual allegations supporting jurisdiction.
>
> Armstead seeks relief on behalf of Donald J. Trump but is not a licensed attorney authorized to practice in this Court. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). The Court orders Armstead to show cause why the Court should not dismiss the claims Armstead is asserting on behalf of Donald J. Trump.

Order to Show Cause at 1-2, Doc. 3, filed August 10, 2023. Judge Rozzoni notified Armstead that failure to timely show cause and file an amended complaint may result in dismissal of this case. *See* Order to Show Cause at 3.

Plaintiff filed a Response to Judge Rozzoni's Order to Cause but did not file an amended Complaint. *See* Response, Doc. 4, filed August 21, 2023. Plaintiff also filed a Letter, Doc. 5, filed August 24, 2023, and an Addendum, Doc. 6, filed August 28, 2023.

Plaintiff's Response does not address jurisdiction other than stating:

> "Jurisdiction" is support this Court has already decisioned this cause for dismissal. With this as legal premise, Armstead has been ordered by this same Court to either pay $402.00 filing fee or file an application [to proceed *in forma pauperis*] . . . The indictments involving the Presidential [e]lection of 2020 is [i]nternational [j]urisdiction, not [s]tate, not [f]ederal. Basis: A [p]resident is a [w]orld leader, giving the ICCJ [International Criminal Court of Justice] [j]urisdiction. Support: New York Times. GA current mass [i]ndictments are out of [j]urisdiction . . . New Mexico is the most important state in the U.S. and the [w]orld. Basis: NM and its [c]ourts have legal rights over the use of all nuclear energy . . . This reversal of the ocean waters from illegal, toxic chemical dumping, [j]urisdiction of the International Tribunal of the Law of the Sea . . .

Response at 1-3. Plaintiff's Letter and Addendum do not address jurisdiction.

The Court concludes it does not have jurisdiction over this case because: (i) the Complaint does not contain allegations to support jurisdiction; (ii) Plaintiff's Response, Letter and Addendum do not show that the Court has jurisdiction over this matter; and (iii) Plaintiff did not file an amended complaint alleging facts that show the Court has jurisdiction over this matter. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do

to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

This is the fifth civil action Plaintiff has initiated in the District of New Mexico:

(i)     *Armstead v. Trump*, No.1:23-cv-00657-MIS-JMR (this case; dismissed for lack of jurisdiction).

(ii)    *Armstead v. U.S. Government*, No.1:23-cv-00483-MLG-DLM (seeking an investigation of the U.S. budget by an outside neutral source to determine spending cuts that will not deny benefits of low and middle income persons, the elderly and the disabled; dismissed for lack of jurisdiction).

(iii)   *Armstead v. State of Nevada*, No. 1:22-cv-00767-WJ-JFR (alleging State of Nevada is liable for attempting to murder Plaintiff in Texas and for signing military contracts with the U.S. Government resulting in nuclear contamination of the water of the Rocky Mountains; dismissed for lack of jurisdiction).

(iv)    *Armstead v. United States*, No. 1:22-cv-00747-JB-KK (asserting claims on behalf of State of New Mexico contending that New Mexico was the location where the atomic bomb was developed and other countries using nuclear technology owe New Mexico a financial settlement for using the technology; dismissed for failure to state a claim because Armstead cannot bring claims on New Mexico's behalf).

(v)     *Armstead v. Gold*, No. 1:02-cv-01555-WJ-DJS (dismissed without prejudice because the "complaint contains almost no factual allegations," seeks release of a non-party, improper venue and no personal jurisdiction over non-resident defendants).

Despite the Court's previous Orders, Plaintiff continues to file complaints that assert claims over which the Court does not have jurisdiction and improperly asserts claims on behalf of others. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Plaintiff also will be enjoined from initiating further litigation in this Court unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit in accordance with the requirements detailed below, the proposed initial pleading, and a copy of these filing restrictions.

2. The affidavit must be notarized, be in proper legal form, and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, her claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that she will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system.

3. The Clerk of the Court shall open a new civil case; file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case; and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 in *In re Billy L. Edwards*, No. 2:15-cv-631-MCA-SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

Plaintiff is ordered to show cause within fourteen (14) days from the date of this order why the Court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE